# **EXHIBIT B**

10/9/2024 3:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 92985062
By: Gerardo Perez
Filed: 10/9/2024 3:39 PM

CAUSE NO. ______________

| | | |
|---|---|---|
| DIONYSIA MARIE MOTTU | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC and SUSANA DISLA | § | |
| | § | |
| | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND RULE 193.7 NOTICE**

COMES NOW, DIONYSIA MARIE MOTTU, Plaintiff in the above-styled and numbered cause of action, complaining of Defendants, WAL-MART STORES TEXAS, LLC and SUSANA DISLA, and in support thereof Plaintiff would respectfully show the Court the following:

## I. Discovery Control Plan

1.1 The damages in this case exceed $50,000.00. Plaintiff requests discovery in this case to be conducted under a Level 2 Discovery Control Plan in accordance with Texas Rule of Civil Procedure 190.3.

## II. Parties

2.1 Plaintiff, Dionysia Marie Mottu, is a resident of Houston, Harris County, Texas.

2.2 Defendant, Wal-Mart Stores Texas, LLC (hereinafter "Defendant Wal-Mart"), is a foreign corporation authorized to conduct business in the state of Texas and operating within Harris County, Texas. Defendant may be served by delivering a true and correct copy of the petition and citation to its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.3 Defendant, Susana Disla, is an individual resident of Brazoria County, Texas. Pursuant to Texas Rule of Civil Procedure 106(a)(1), Defendant may be served with process, in

person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to 9601 Twin Oaks Drive, Manvel, Texas 77578, or wherever else they may be reasonably found.

## III. JURISDICTION & VENUE

3.1 The Court has jurisdiction in this cause since the damages are within the jurisdictional limits of the Court.

3.2 All, or a substantial part, of the events or omissions giving rise to the claim occurred in Harris County, Texas. Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code. Additionally, venue is proper because the facts show that the convenience of the parties, and the witnesses, and the interest of justice would be best served in Harris County, Texas.

3.3 Plaintiff has satisfied all conditions precedent to this lawsuit.

3.4 Nothing Plaintiff did caused or contributed to this occurrence.

3.5 Plaintiff sues for actual damages that exceed $250,000.00 but not to exceed $1,000,000.00.

## IV. FACTS

4.1 On or about June 26, 2023, Plaintiff came upon the business premises which is owned, possessed, controlled, and maintained by Defendant Wal-Mart. Such premises is more specifically located at 5655 East Sam Houston Parkway North, Houston, Texas 77015, and is commonly referred to as Walmart Supercenter #3500 (hereinafter referred to as "Defendant's premises"). While on Defendant's premises, Plaintiff was walking down an aisle when, suddenly and without warning, a BBQ grill fell from a high shelf and struck the back Plaintiff's head and upper body.

4.2 The collision occurred with tremendous force, proximately causing Plaintiff to suffer severe, excruciating, and painful debilitating injuries.

## V. NEGLIGENCE OF DEFENDANT WAL-MART STORES TEXAS, LLC

5.1 Plaintiff was on Defendant Wal-Mart's premises at the express or implied invitation of Defendant. Plaintiff was Defendant's invitee at the time that the incident made the basis of this suit occurred.

5.2 Defendant Wal-Mart owed a duty to Plaintiff to exercise ordinary care in their ownership, possession, control, maintenance, and use of Defendant's premises to reduce or eliminate the unreasonable risk of harm created by a condition on Defendant's premises which Defendant knew about, or in the exercise of ordinary care, should have known about.

5.3 Defendant Wal-Mart, acting through their agents, servants, and employees, failed to use that degree of care which an owner or occupier of ordinary prudence would have used under the same or similar circumstances, including but not limited to the following non-exhaustive list of particulars:

a. failing to prevent the BBQ grill and/or other merchandise from falling from the top shelves of the aisles on Defendant's premises;

b. failing to properly secure the BBQ grill and/or other merchandise so as to prevent them from falling from the top shelves of the aisles on Defendant's premises;

c. failing to adequately construct and maintain shelving so as to ensure that the BBQ grill and/or other merchandise would not fall from the top shelves of the aisles on Defendant's premises;

d. failing to maintain and inspect the Defendant's premises to prevent the BBQ grill and/or other merchandise from falling from the top shelves of the aisles on Defendant's premises;

e. failing to warn Plaintiff of the dangerous condition of the Defendant's premises;

f. failing to warn Plaintiff of the ongoing operations on the Defendant's premises which gave rise to the danger in this case;

g. failing to train their employees to properly manage the Defendant's premises to help prevent the BBQ grill and/or other merchandise from falling from the top shelves of the aisles on Defendant's premises; and/or

h. other acts of negligence.

5.4 One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant constituted negligence, and such negligence was the proximate cause of the Plaintiff's injuries and damages made the basis of this suit.

## VI. RESPONDEAT SUPERIOR

6.1 At all times material and relevant to the incident forming the basis of this suit, Defendant Susana Disla was an employee of Defendant Wal-Mart and was acting within the course and scope of their employment in service of and for the benefit of Defendant Wal-Mart, as the manager of Defendant's premises. Accordingly, Defendant Wal-Mart is liable for the negligence of their employee Defendant Susana Disla under the theory of *respondeat superior*.

## VII. NEGLIGENCE OF DEFENDANT SUSANA DISLA

7.1 The incident made the basis of this lawsuit resulted from the improper conduct of Defendant Susana Disla, the manager of Defendant's premises on the date the incident made the basis of this suit occurred. Defendant's conduct constitutes negligence as that term is understood in law, and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff made the basis of this suit.

7.2 Defendant Susana Disla owed a duty to Plaintiff to exercise ordinary care in their possession, control, maintenance, and use of Defendant's premises to reduce or eliminate the unreasonable risk of harm created by a condition on Defendant's premises which Defendant knew about, or in the exercise of ordinary care, should have known about.

7.3 Defendant Susana Disla had a duty to exercise ordinary care in handling and/or instructing other employees to handle the at-issue BBQ grill in a reasonable and prudent manner so that such items do not fall and result in injuries to invitees on Defendant's premises, such as Plaintiff in this particular case. Defendant Susana Disla breached their duty of care. Defendant Susana Disla's negligent actions and/or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

a. failing to properly handle the BBQ grill and/or other merchandise so as to prevent them falling from the tops of aisles of the subject premises;

b. failing to prevent the BBQ grill and/or other merchandise from falling from the top shelves of the aisles of the subject premises;

c. failing to properly secure the BBQ grill and/or other merchandise so as to prevent them from falling from the top shelves of the aisles of the subject premises;

d. failing to adequately construct and maintain shelving so as to ensure that the BBQ grill and/or other merchandise would not fall from the top shelves of the aisles of the subject premises;

e. failing to maintain and inspect the subject premises to prevent the BBQ grill and/or other merchandise from falling from the top shelves of the aisles of the subject premises;

f. failing to warn Plaintiff of the dangerous condition of the subject premises;

g. failing to warn Plaintiff of the ongoing operations on the subject premises which gave rise to the danger in this case;

a. failing to train and/or supervise employees to properly manage the subject premises to help prevent BBQ grill and/or other merchandise from falling from the top shelves of the aisles on Defendant's premises;

b. failing to train and/or supervise employees to ensure that BBQ grill and/or other merchandise stored at the top of aisle shelves are retrieved without causing them to fall; and/or

h. other acts of negligence.

7.4 One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant constituted negligence, and such negligence was the proximate cause of the Plaintiff's injuries and damages.

## VIII. Damages

8.1 As a result of the incident made the basis of this lawsuit as described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain damages in the future.

8.2 Plaintiff respectfully requests that the trier of fact determine the amount of their damages and losses that they incurred in the past and that they will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to, the following:

a. Past, present, and future physical pain and mental anguish;

b. Past, present, and future loss of earning capacity;

c. Past, present, and future disfigurement;

d. Past, present, and future physical impairment;

e. Past, present, and future medical care and related expenses; and

f. Past, present, and future out-of-pocket economic losses.

8.3 Because of all of the above and foregoing, Plaintiff suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

8.4 Plaintiff seeks both prejudgment and postjudgment interest as allowed by law, for all costs of Court, and all other relief, both general and special, at law and in equity, to which they may otherwise be justly entitled.

## IX. PRESERVATION OF EVIDENCE

9.1 Plaintiff hereby requests and demands that each Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

## X. JURY DEMAND

10.1 Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the submission of this pleading.

## XI. RULE 193.7 NOTICE

11.1 Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited in terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiff recovers damages in accordance with the evidence, costs of Court herein expended, interest to which Plaintiff is justly entitled under the law, and that the Court grant Plaintiff such

other and further relief, both general and special, at law and in equity, to which Plaintiff may otherwise be justly entitled.

Respectfully submitted,

**THE STANO LAW FIRM**

By: /s/ Matthew C. Stano

**MATTHEW C. STANO**
State Bar No. 24077073
**JASON M. BROOKS**
State Bar No. 24092177
THE STANO LAW FIRM
Chase Bank Building
19747 Highway 59 N., Ste. 400
Humble, TX 77338
T: 832-777-0390
F: 713-969-4969
E-service: service@stanolawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason Brooks on behalf of Matthew Stano
Bar No. 24077073
jbrooks@stanolawfirm.com
Envelope ID: 92985062
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition, Jury Demand, and Rule 193.7 Notice
Status as of 10/9/2024 4:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Service The Stano Law Firm | | Service@stanolawfirm.com | 10/9/2024 3:39:15 PM | SENT |

11/7/2024 3:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94060587
By: Bristalyn Daniels
Filed: 11/7/2024 3:50 PM

CAUSE NO.: 202470145

| | | |
|---|---|---|
| DIONYSIA MARIE MOTTU<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| WAL-MART STORES TEXAS LLC and<br>SUSANA DISLA<br>Defendant. | §<br>§<br>§<br>§ | 165TH JUDICIAL DISTRICT |

**DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants WALMART TEXAS, LLC (formerly, Walmart Stores Texas, LLC), and SUSANA DISLA ("Defendants") files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

## I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation made against Defendants in Plaintiff's Original Petition.

## II. Affirmative Defenses

2. Defendants assert the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendants requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendants are entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendants allege that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendants have no liability.

5. Defendants affirmatively plead that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendants affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendants assert the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

9. Defendants affirmatively pleads assumption of the risk and open and obvious condition.

## III. <u>Prayer</u>

FOR THESE REASONS, Defendants WALMART TEXAS, LLC (formerly, Walmart Stores Texas, LLC),, and SUSANA DISLA, respectfully prays that the Court enter a judgment that:

Dismisses all claims against Defendants WALMART TEXAS, LLC (formerly, Walmart Stores Texas, LLC),, and SUSANA DISLA, and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

1. Orders that Defendants recovers all costs incurred in defense of Plaintiff's claims, and that

2. Defendants' judgment against Plaintiff include the following:

a. Costs of suit; and

b. Such other and further relief, general and special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.

By:*/s/Maryalyce W. Cox*
Maryalyce W. Cox
State Bar No. 24009203
John "Trey' Hillman
State Bar No.24128883
One Allen Center
500 Dallas, Suite 2800
Houston, Texas 77002
Telephone - (713) 655-1200
Telecopier - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on November 7, 2024, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 94060587
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendants' Original Answer
Status as of 11/7/2024 4:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| The Stano LawFirm | | service@stanolawfirm.com | 11/7/2024 3:50:16 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 11/7/2024 3:50:16 PM | SENT |
| Andrea Fratus | | edocket@mehaffyweber.com | 11/7/2024 3:50:16 PM | SENT |
| Trey Hillman | | johnhillman@mehaffyweber.com | 11/7/2024 3:50:16 PM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 11/7/2024 3:50:16 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 11/7/2024 3:50:16 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 11/7/2024 3:50:16 PM | SENT |