United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIONYSIA MARIE MOTTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-4486 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| and SUSANA DISLA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Dionysia Marie Mottu ("Plaintiff") brought this action against Wal-Mart Stores Texas, LLC ("Wal-Mart") and Susana Disla (collectively referred to as "Defendants") in the 165th District Court of Harris County, Texas, alleging negligence and premises liability.[1] Pending before the court is Defendants Wal-Mart Stores Texas, LLC and Susana Disla's Motion for Summary Judgment ("Defendants' MSJ") (Docket Entry No. 20). For the reasons stated below, Defendants' MSJ will be granted and this action will be dismissed with prejudice.

## I. Background

Plaintiff alleges that on or about June 26, 2023, at the Wal-Mart store located at 5655 East Sam Houston Parkway North,

---

[1]Plaintiff's Original Petition, Jury Demand, and Rule 193.7 Notice ("Petition"), Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 4-7. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

Houston, Texas, a BBQ grill fell from a shelf and struck her on the back of her head and upper body.[2]   At the time of the alleged incident, the Wal-Mart store was being remodeled, which involved rearranging certain merchandise.[3]

Plaintiff brought this action against Defendants in the 165th District Court of Harris County, Texas, on October 9, 2024, asserting claims of (1) premises liability, (2) vicarious liability, (3) ordinary negligence, and (4) negligent training and supervision.[4]   Plaintiff also asserted claims of (1) ordinary negligence and (2) negligent supervision against Susana Disla, the manager of the Wal-Mart store at the time of the alleged incident.[5]

Defendants removed the action to this court based on diversity jurisdiction on November 14, 2024.[6]

On February 12, 2026, Defendants filed a Motion for Summary Judgment arguing that each of Plaintiff's claims fail as a matter

---

[2]Id. at 3 ¶ 4.1.

[3]Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 21, pp. 9-11; Oral and Videotaped Deposition of Susana Disla ("Disla Deposition"), Exhibit C to Plaintiff's Response, Docket Entry No. 21-3, p. 12 (depo p. 45 lines 4-25).

[4]Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 1, 4-5; Plaintiff conceded her claims of negligent hiring and negligent retention. Plaintiff's Response, Docket Entry No. 21, pp. 12-14.

[5]Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 5-6.

[6]Notice of Removal, Docket Entry No. 1, p. 1.

of law.[7]   Plaintiff filed a response on March 4, 2026,[8] and Defendants replied on March 11, 2026.[9]

## II.   Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  Summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Id. at 2554.  "The burden shifts to the non-moving party to show, with competent evidence, the existence of a genuine dispute of material fact."  Miller v. Michaels Stores, Inc., 98 F.4th 211, 216 (5th

---

[7]Defendants' MSJ, Docket Entry No. 20, pp. 5–6.

[8]Plaintiff's Response, Docket Entry No. 21.

[9]Defendants' Wal-Mart Stores Texas, LLC and Susana Disla's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Defendants' Reply"), Docket Entry No. 32.

Cir. 2024).   "'The burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Swope v. Columbian Chemicals Co., 281 F.3d 185, 197 (5th Cir. 2002) (quoting 10A Wright, Miller & Kane, Federal Practice and Procedure § 2727, at 490 (3d ed. 1998)).[10]  But "'[a] mere scintilla of evidence is insufficient to present a question for the jury.'"  Rex Real Estate I, L.P. v. Rex Real Estate Exchange, Inc., 80 F.4th 607, 616 (5th Cir. 2023).

The court "must view all facts and draw all reasonable inferences in [the nonmovant's] favor." Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee, 129 S. Ct. 846, 851 n.2 (2009).   The court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

### III.  Analysis

Although Disla and Plaintiff are both citizens of Texas, Defendants removed the action to this court based on diversity jurisdiction.[11]  Defendants then moved for summary judgment on each of Plaintiff's claims against Wal-Mart.[12]

---

[10]See also 10A Wright, Miller, & Kane, Federal Practice & Procedure § 2727.2, at 501 (4th ed. 2016) (same).

[11]Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1, p. 2 ¶¶ 5-7, p. 3 ¶ 11, p. 4 ¶ 13.

[12]Defendants' MSJ, Docket Entry No. 20.

-4-

Before the court may address Defendants' MSJ, the court must first determine whether it has subject matter jurisdiction over this action.

## A.    The court has subject matter jurisdiction.

Plaintiff asserts claims of (1) ordinary negligence and (2) negligent supervision against defendant Disla.[13]   Defendants argue that Disla is improperly joined because Plaintiff has failed to state a claim against Disla under Texas law, which precludes a plaintiff from bringing negligence or premises liability claims against both a company and a company's employee who is acting within the scope of his or her employment duties.[14]

Federal courts "must consider [subject matter] jurisdiction sua sponte if not raised by the parties." Howery v. Allstate Insurance Co., 243 F.3d 912, 919 (5th Cir. 2001).  "To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity[,]' [which] means 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" MidCap Media Finance, L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019) (quoting McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004)).  "But, a case may be removed despite a non-diverse defendant, if that defendant was improperly joined." Frisby v.

---

[13]Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 5-6.

[14]Notice of Removal, Docket Entry No. 1, pp. 3-4 ¶¶ 11-12.

Lumbermens Mutual Casualty Co., 500 F.Supp.2d 697, 698 (S.D. Tex. 2007). "The Fifth Circuit has recognized two ways to establish improper joinder:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. at 699 (quoting Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004)) (internal quotation marks omitted).

A court determines whether the plaintiff is unable to establish a cause of action under state law against the non-diverse defendant by conducting "'a Rule 12(b)(6)-type analysis.'" International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 200 (5th Cir. 2016) (quoting Smallwood, 385 F.3d at 573). "'To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face.'"  Id. (quoting Reece v. United States Bank National Ass'n, 762 F.3d 422, 424 (5th Cir. 2014) (internal quotation marks omitted).

Examining Plaintiff's Petition under a Rule 12(b)(6)-type analysis, it is clear that the allegations of the Petition, "if true would not establish claims under state law, against [Disla], for negligence [or] premises liability." Kutchinski v. Costco Wholesale Corp., Civil Action No. 4:22-CV-00083, 2022 WL 1809308, at *3 (S.D. Tex. June 1, 2022).  In Tri v. J.T.T., 162 S.W.3d 552 (Tex. 2005), the Texas Supreme Court explained that "'individual liability [of an employee] arises only when the [employee] owes an

-6-

independent duty of reasonable care to the injured party <u>apart from the employer's duty.'"</u>  <u>Id.</u> at 562 (emphasis added).  Applying the holding of <u>J.T.T.,</u> district courts in the Fifth Circuit have held that Texas law "preclude[s] a plaintiff from bringing negligence [or premises liability] claims against both a company and a company employee acting within the scope of his or her employment duties." <u>Kutchinski,</u> 2022 WL 1809308, at *3; <u>Solis v. Wal-Mart Stores East, L.P.,</u> 617 F.Supp.2d 476, 481 (S.D. Tex. 2008) (premises liability); <u>Bourne v. Wal-Mart Stores, Inc.,</u> 582 F.Supp.2d 828, 837 (E.D. Tex. 2008).

Because Plaintiff has failed to allege that Disla owes her an independent duty,[15] Plaintiff has failed to state a claim under state law against Disla.  Accordingly, Disla was improperly joined as a defendant and will not be considered in determining if the case was properly removed based on diversity jurisdiction.  Because Plaintiff is a citizen of Texas and Wal-Mart is a citizen of Delaware and Arkansas and because the amount in controversy exceeds $75,000,[16] the court has diversity jurisdiction over this action.

**B.    Plaintiff is precluded from asserting her ordinary negligence claims.**

"Under Texas law, a person injured on another's property has two potential but mutually exclusive causes of action against the

---

[15]Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, pp. 5-7 ¶¶ 7.1-7.4; Notice of Removal, Docket Entry No. 1, pp. 3-4 ¶¶ 11-12.

[16]Notice of Removal, Docket Entry No. 1, p. 2 ¶¶ 5-6, p. 3 ¶¶ 9-10.

owner of the property:    (1) an ordinary negligence claim arising from a negligently conducted activity on the premises, or (2) a premises liability claim for an unreasonably dangerous condition on the premises." Lopez v. Ensign U.S. Southern Drilling, LLC, 524 S.W.3d 836, 845 (Tex. App.—Houston [14th Dist.] Mar. 21, 2017, no pet.) (citing Clayton W. Williams Jr., Inc. v. Olivo, 952 S.W.2d 523, 527 (Tex. 1997)).    Because Plaintiff's Petition asserts a premises liability claim based on an unreasonably dangerous condition,[17] Plaintiff is precluded under Texas law from asserting her ordinary negligence claim, her vicarious liability claim, and her negligent training and supervision claim against Wal-Mart. Id.; see also Driskell v. Concrete Raising Corporation, NO. 14-19-00117-CV, 2021 WL 1184400, at *11 (Tex. App.—Houston [14th Dist.] Mar. 30, 2021, no pet.) ("Because [plaintiff's] claims in this case stem from an alleged premises defect, she cannot recast them in negligence.  [Plaintiff's] claims for negligence, negligent hiring, negligent undertaking, negligence per se, and gross negligence

---

[17]Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 4 ¶ 5.2 (stating that Wal-Mart owed a duty to Plaintiff "to exercise ordinary care in their ownership, possession, control, maintenance, and use of Defendant's premises to reduce or eliminate the unreasonable risk of harm created by a condition on Defendant's premises which Defendant knew about, or in the exercise of ordinary care, should have known about").  The duty described in the Petition is the duty a property owner owes to an invitee.  See Lopez, 524 S.W.3d at 846 ("Generally a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition that the property owner knew or should have known about.").

against [Defendant] are not viable. . . ."). Therefore, Plaintiff's only remaining claim is her premises liability claim.

**C.  Defendants are entitled to summary judgment on Plaintiff's premises liability claim.**

A landowner owes to invitees "a duty to maintain the premises in a reasonably safe condition, . . . a duty of reasonable care to inspect and discover a condition involving an unreasonable risk of harm, . . . and the duty to protect against the danger and to make safe any defects or to give an adequate warning thereof." Rawlings v. Angelo State University, 648 S.W.2d 430, 433 (Tex. App.—Austin 1983, no pet.). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." Henkel v. Norman, 441 S.W.3d 249, 251–52 (Tex. 2014).[18]

---

[18]Plaintiff asserts standalone claims for Wal-Mart's alleged failure to inspect and failure to maintain a safe premises. Plaintiff's Response, Docket Entry No. 21, pp. 11-12. To recover for a breach of the duty to maintain or inspect, a plaintiff must prove that the landowner had actual or constructive knowledge of an unreasonably dangerous condition. Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3-4 (Tex. 1996) (per curiam) ("An invitee must show that a land owner either knew, or after reasonable inspection should have known, of an unreasonably dangerous condition before arguing
(continued...)

1.    <u>Unreasonably Dangerous Condition</u>

"To prevail on a premises liability claim against a property owner, an injured invitee must establish . . . [that] the condition posed an unreasonable risk of harm." <u>Henkel,</u> 441 S.W.3d at 251–52. "A condition creates an unreasonable risk of harm if there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." <u>Christ v. Texas Department of Transportation,</u> 664 S.W.3d 82, 87 (Tex. 2023) (quoting <u>County of Cameron v. Brown,</u> 80 S.W.3d 549, 556 (Tex. 2002)) (internal quotation marks omitted). "In determining whether a condition is unreasonably dangerous, [courts] consider several factors including 'whether the relevant condition was clearly marked, its size, whether it had previously caused injuries or generated complaints, whether it substantially differed from conditions in the same class of objects, and whether it was naturally occurring.'" <u>Id.</u> (quoting <u>United Supermarkets, LLC v. McIntire,</u> 646 S.W.3d 800, 803 (Tex. 2022)). Although determining whether a condition is unreasonably dangerous is a fact question, the Texas Supreme Court "has held that certain innocuous or commonplace hazards are not unreasonably dangerous as a matter of law, particularly when they have not caused other injuries or been the subject of complaints." <u>Id.</u>

---

[18](...continued)
that the owner breached a duty by failing to take any one of several precautions."). The court therefore addresses these claims when addressing Plaintiff's premises liability claim.

Plaintiff has failed to raise a genuine issue of material fact as to whether the BBQ grill was unreasonably dangerous. Plaintiff offers no evidence of prior accidents, injuries, complaints, or reports. McIntire, 646 S.W.3d at 803 (finding that a divot in a parking lot was not an unreasonably dangerous condition as a matter of law because "[i]t measured less than an inch deep, and nothing in the record indicate[d] it yielded other complaints or injuries"); see also Meadows v. Costco Wholesale Corporation, Civil Action No. 4:23-cv-01536, 2024 WL 4729481, at *3 (S.D. Tex. Nov. 8, 2024) (granting summary judgment because plaintiff failed to offer evidence "of prior accidents, injuries, complaints, or reports"); Villareal v. Dolgencorp of Texas, Inc., No. 3:23-cv-219, 2025 WL 1485859, at *2 (S.D. Tex. Jan. 23, 2025) (same). There is no evidence that Defendants were aware of any other prior accidents, injuries, complaints, or reports involving the BBQ grill.[19] Although Plaintiff asserts that "placing a BBQ grill with the wheels down vertically oriented on an elevated surface is an unreasonably dangerous condition, as the wheels making contact with the ground can result in the grill rolling and falling due to the wheels being face-down and because the vertical placement raises the center of gravity, contributing to the likelihood it may tip over and fall,"[20] she cites no evidence to support her argument.

---

[19]Disla Deposition, Exhibit C to Plaintiff's Response, Docket Entry No. 21-3, p. 17 (depo. p. 63 line 25 thru p. 64 lines 1-4).

[20]Plaintiff's Response, Docket Entry No. 21, p. 9.

-11-

Without more, Plaintiff's opinion that the BBQ grill should not have been placed with its wheels down is not sufficient to raise a fact issue as to whether the BBQ grill was an unreasonably dangerous condition.

2.    Actual or Constructive Knowledge

"To prevail on a premises liability claim against a property owner, an injured invitee must establish . . . [that] the property owner had actual or constructive knowledge of the condition causing the injury." Henkel, 441 S.W.3d at 251–52. "Actual knowledge is knowledge 'of the dangerous condition at the time of the incident, not merely the possibility that a dangerous condition could develop over time.'" Daniels v. Allsup's Convenience Stores, Inc., 604 S.W.3d 461, 466 (Tex. App.—Amarillo 2020, no pet.) (quoting City of Corsicana v. Stewart, 249 S.W.3d 412, 413–14 (Tex. 2008)). "Circumstantial evidence establishes actual knowledge only when it either directly or by reasonable inference supports that conclusion." Ineos USA, LLC v. Elmgren, 505 S.W.3d 555, 568 (Tex. 2016) (quoting City of Corsicana, 249 S.W.3d at 415) (internal quotation marks omitted). "Constructive knowledge is a substitute in the law for actual knowledge." CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 102 (Tex. 2000). "In premises liability cases, constructive knowledge can be established by showing that the dangerous condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." Daniels, 604 S.W.3d at 466. "There must be proof of how long the

-12-

dangerous condition was present before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." Slape v. Wal-Mart Stores Texas, LLC, 656 S.W.3d 698, 701 (Tex. App.—El Paso 2022) (citing Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 816 (Tex. 2002)).

Plaintiff argues that Defendants had constructive knowledge of the BBQ grill's position on the shelf because store employees were moving shelving and inventory during the remodeling process.[21] However, Plaintiff does not provide any evidence about when, if ever, the BBQ grill was moved by Wal-Mart employees for remodeling purposes. In fact, nothing in the record establishes when the BBQ grill was placed on the shelf or how long it was on the shelf with its wheels facing down. There is no evidence that Wal-Mart employees ever noticed any problem with the grill, the shelving, or the manner in which the grill was displayed when completing their daily walk-throughs of the premises.[22]

Because Plaintiff has failed to offer evidence that shows the alleged defect lasted long enough for Defendants to have discovered it upon reasonable inspection, Plaintiff has failed to raise a

---

[21]Plaintiff's Response, Docket Entry No. 21, pp. 9–11. Plaintiff does not argue that Defendants had actual knowledge of any issue with the grill, the shelving, or the manner in which the grill was displayed.

[22]Disla Deposition, Exhibit C to Plaintiff's Response, Docket Entry No. 21-3, p. 9 (depo p. 30 line 21 thru p. 32 lines 1-14), p. 17 (depo p. 63 lines 7-14) (stating that she did not "know if the grill was unsafe or not" and that she does not recall the setup of the grill).

genuine issue of material fact as to whether Defendants had actual or constructive knowledge of the alleged defect.  See Daniels, 604 S.W.3d at 466; Slape, 656 S.W.3d at 701; see also Meadows, 2024 WL 4729481, at *7 (granting summary judgment in favor of the defendants because "Texas law requires proof of how long the hazard was there" and plaintiff failed to present that evidence).

## IV.  Conclusion and Order

Because Plaintiff has failed to raise a genuine issue of material fact as to whether the alleged defect was unreasonably dangerous and as to whether Defendants had actual or constructive knowledge of the alleged defect, Defendants Wal-Mart Stores Texas, LLC and Susana Disla's Motion for Summary Judgment (Docket Entry No. 20) is **GRANTED**.  The court will enter a take-nothing judgment in favor of Defendants.

**SIGNED** at Houston, Texas, on this 20th day of March, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE
